UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>           Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et. al.,<br><br>           Defendants. | Case No. 1:23-cv-01381-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE[1]<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Damen D. Rabb is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff initiated this action by filing a rights complaint under 42 U.S.C. § 1983 alleging violation of Plaintiff's due process rights under the Fourteenth Amendment. (Doc. No. 1, "Complaint"). The gravamen of the Complaint concerns damage to Plaintiff's television. Plaintiff sought "monetary compensation" to replace his television and $5,000 in punitive

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal.).

1  damages.

2  On October 22, 2025, pursuant to 28 U.S.C. § 1915A, the Court issued a screening order
3  finding the Complaint, as pled, failed to state any federal claim.  (*See generally* Doc. No. 11).
4  The Court afforded Plaintiff three options:  (1) file an amended complaint; (2) file a "Notice to
5  Stand" on his initial complaint subject to the undersigned recommending the district court dismiss
6  the Complaint for reasons stated in the October 22, 2025 Screening Order; or (3) file a "Notice of
7  Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)" to avoid
8  a strike because no defendant had yet been served.  (*Id*. at 6-7).  The Court expressly warned
9  Plaintiff that if he fails to timely respond to this Court Order" the undersigned "will recommend
10 that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court
11 order and prosecute this action after its determination that the complaint failed to state a claim,
12 which will count as strike under the PLRA."  (*Id*. at 7).  As of the date of this Findings and
13 Recommendation, Plaintiff has failed to exercise any of the three options from the Court's
14 Screening Order, or request an extension of time to comply, and the time to do so has expired.[2]
15 *See* docket.

16 **APPLICABLE LAW AND ANALYSIS**

17 **A.  Legal Standard**

18 Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action
19 when a litigant fails to prosecute an action or fails to comply with other Rules or with a court
20 order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889
21 (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with
22 Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with …
23 any order of the Court may be grounds for the imposition by the Court of any and all sanctions …
24 within the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power
25 to control their dockets" and, in exercising that power, may impose sanctions, including dismissal

---

[2] The Court advised Plaintiff that after electing his option, he must deliver either his amended complaint or appropriate notice to correctional officials for mailing no later than November 24, 2025.  (Doc. No. 11 at 7, ¶ 1).  Twenty days have passed since the November 24, 2025 deadline, allotting sufficient time to account for mailing before issuing these Findings and Recommendations.

of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

3

factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Further, as set forth in the Screening Order, the Court already determined that the Complaint, as pled, failed to state a claim, so this factor does not weigh in favor of the Plaintiff.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's October 22, 2025 Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action.  (Doc. 11 at 7, ¶ 2).  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned

recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of the Court randomly assign this case to a District Judge.

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey a court order and failure to prosecute this action.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     December 15, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5