UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et al.,<br><br>          Defendants. | Case No.  1:23-cv-01381-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 13 |

Plaintiff Damen D. Rabb is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 22, 2025, the assigned magistrate judge screened plaintiff's complaint, found it failed to state any cognizable claim, and directed plaintiff to take one of the following options within thirty days: (1) file a first amended complaint, (2) file a notice of his intent to stand on the complaint (with the understanding that the magistrate judge would recommend dismissal of the complaint for failure to state a claim), or (3) voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41. Doc. 11.  The screening order was served on plaintiff and notified him that the failure to comply with the screening order would result in a recommendation for dismissal of this case. *Id.* at 7.  Plaintiff did not respond to the screening order. *See* docket.

On December 15, 2025, the magistrate judge issued findings and recommendations, recommending that the action be dismissed for failure to prosecute and failure to obey a court order.  Doc. 13.  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service.  Doc. 13 at 5.  Plaintiff has not filed objections, and the time to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case.

As the findings and recommendations correctly note, the first two factors weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent authority to manage their dockets without being subject to noncompliant litigants).  The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, as plaintiff failed to obey the October 22, 2025 screening order directing him to (1) file a first amended complaint, (2) file a notice of his intent to stand on the complaint, or (3) voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41.

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant.  *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

Finally, the Court's warning to plaintiff that his failure to comply with the screening order would result in the dismissal of this action satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262.  Plaintiff's failure to comply with the screening order

prevents reflects plaintiff's failure to prosecute this action and prevents the disposition of this action on its merits.

Accordingly:

1. The findings and recommendations issued on December 15, 2025, Doc. 13, are adopted in full;

2. This action is dismissed without prejudice for failure to obey a court order and failure to prosecute; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   January 23, 2026

_____
UNITED STATES DISTRICT JUDGE

3